S. B. SLOAN, guardian, plaintiff in error, *vs.* LARKIN NANCE *et al.*, defendants in error.

1. Where a will directs realty to be sold, and bequeaths the proceeds to minors, and the executor, who is also testamentary guardian of the minors, has such realty set apart as a homestead for his wards, he cannot afterwards sell the homestead at private sale, even with the consent of the Ordinary, although the will gives him the power so to sell the land. When the land was set apart as a homestead, the title was vested in the minors.

2. The objection to the admission of the judgment against the executor, as such, in evidence was well taken, as it was entirely irrelevant to the issue.

3. Minors, who have a guardian, may sue by next friend, when their interest is adverse to that of the guardian, under Revised Code, section 1812.

Homestead. Minors. Before Judge HARVEY. Whitfield Superior Court. October Term, 1871.

Sloan was executor of A. Sloan and guardian of his children. The will directed him to sell testator's land, publicly or privately, and divide proceeds between testator's children. Sloan had the land set apart as a homestead for the minor children, and then, with the approval of the Ordinary, sold the land. The minors, by their next friend and guardian, brought ejectment for the land. They contended that the sale, if legal, was fraudulent, and one evidence of fraud was the inadequacy of price. To meet that defendants showed, over plaintiff's objection, that there were judgments against the executor, as such, which endangered the title. The Court charged the jury that the sale, under said approval of the Ordinary, was good, if not fraudulent. The jury found for defendants. Said rulings are assigned as error.

MCCUTCHEN & SHUMATE, for plaintiff in error.

W. K. MOORE, for defendant.

Sloan *vs.* Nance *et al.*

MONTGOMERY, Judge.

Archibald Sloan died leaving a will, by which he directed his executor to sell the land in dispute, at private or public sale, and divide the proceeds among testator's children, the lessees of plaintiff. The executor, who was also testamentary guardian, instead of selling the land, had it set apart as a homestead to the children, believing the estate to be insolvent. Afterwards he obtained from the Ordinary the following paper:

"STATE OF GEORGIA—WHITFIELD COUNTY:

I, W. H. Brooker, Ordinary for said county, do hereby approve the transfer of said lot of land, number two hundred and forty, in the thirteenth district and third section, set apart as homestead for A. Sloans' minor children, when their guardian, Samuel B. Sloan, can transfer it with propriety, and to the benefit of said minors. .

Witness my hand and official signature, this April 14th, 1869.                    W. H. BROOKER, *Ordinary."*

On the same day the guardian sold the land at private sale to defendants, and in two weeks afterwards removed from the State. The suit is brought by the minors, through W. C. Martin, as next friend.

In the course of the trial the defendants were permitted, over the objection of plaintiff's counsel, to prove the existence of judgments against the executor, as such, which it was claimed rested as a cloud over the title to the land, and the risk of which defendants took when they bought. It was also objected by defendants that the minors, having a guardian, who had not been removed, could not sue by next friend. Three questions arise here: 1st. Was the sale of the homestead valid? 2d. Was the objection to the admission of the judgments against the executor good? 3d. Had the minors the right to sue by next friend?

1. There is no provision made by the homestead laws for the sale of a minor's homestead. If it can be sold at all, it can only be sold as provided by the Code for the sale of other realty belonging to the minors. It is very doubtful whether such an assent by the Ordinary to the sale of any homestead would be valid. The executor could not sell as such. The setting apart of the land as a homestead divested the estate of the title, and conferred it upon the minors. Hence, the deed of the defendants is worth nothing as against their rights.

2. The judgments against the executor were entirely irrelevant to the issue, and should have been rejected.

3. Revised Code, section 1812, provides for suits by minors through a next friend where their interest is adverse to that of their guardian, as it certainly is here. He is at least responsible to defendants in an action for money had and received, for the amount paid by them for the land.

Judgment reversed.